```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
_____

                                  (
JOHN CLARK KEARNEY,               (
                                  (
        Plaintiff,                (
                                  (
vs.                               (    No. 05-2693-Ml/V
                                  (
WILLIAM JOHNSON, et al.,          (
                                  (
        Defendants.               (
                                  (
_____

          ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
                       ORDER OF DISMISSAL
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
                  NOTICE OF APPELLATE FILING FEE
_____
```

Plaintiff, John Clark Kearney, prisoner number 262482, an inmate at the West Tennessee State Penitentiary ("WTSP"),[1] Site II, in Henning, filed this pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee. United States District Judge Robert Echols assessed the filing fee and transferred the case to this district pursuant to 28 U.S.C. § 1406(a). Kearney also filed a motion for appointment of counsel. The Clerk shall record the defendants as William Johnson, J. Hayles, T. Deberry, W. Gaskins, Corporal Herron, Nurse Williams, Nurse Evans, Ronald Wright, Jr., Officer Cessac, Famous Hurtle,

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

James Bonds, Officer Edwards, Corporal Ottinger, Captain Latham, David Mills, and Henry Stewart.[2]

I.  Appointment of Counsel

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in

---

[2] Although the Clerk recorded the two defendants which the Middle District named as defendants, plaintiff's complaint lists sixteen defendants and addresses. The Clerk shall add the remaining defendants to the docket.

exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

The Court concludes that an appointment of counsel is not warranted. As explained below, plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

II. Analysis of Plaintiff's Claims

Kearney alleges that on October 18, 2004, Defendant Officers J. Hayles and T. Deberry placed him in handcuffs to transport him to recreation. Kearney alleges that those Officers and Defendant Officer Gaskins then stood by and allowed Defendant Officer William Johnson to assault him in retaliation for a grievance plaintiff had filed against Johnson. He alleges that Defendant Corporal Herron saw him immediately after the assault and refused to assist him when Defendant Johnson hit Plaintiff again in her presence. Kearney alleges that Nurse Williams denied him medical attention.

Plaintiff alleges that Defendants Evans, Wright, Cessac, Hurtle, Bonds, Edwards, Ottinger, and Latham would not assist him with grievances or investigations into the circumstances surrounding the incident. He also alleges that he wrote Defendants Ottinger, Mills, and Stewart advising them of the incident.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a district court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating

3

that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001)(prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners to plead particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004)(describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to

dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently has held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

   The plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies through the administrative grievance procedure. The plaintiff submitted a grievance on or about October 18, 2004 (Grievance No. 22089) that named defendants Johnson, Hayles, Deberry, and Gaskins and alleged that plaintiff was subjected to excessive force by Johnson while the other officers failed to intervene. The grievance was deemed nongrievable due to disciplinary issues, a decision was issued, and the plaintiff appealed to the warden and the Assistant TDOC Commissioner for Operations. Although the plaintiff has exhausted the grievance procedure for his claim against defendants Johnson, Hayles,

Deberry, and Gaskins, he fails to allege that he appealed his underlying disciplinary conviction.

Plaintiff also filed a grievance requesting that incompatibles be placed against Johnson, Hayles, Deberry, Gaskins, Williams, and Herron (Grievance No. 163953). That grievance also was deemed nongrievable due to disciplinary issues, a decision was issued, and the plaintiff appealed to the warden and the Assistant TDOC Commissioner for Operations. Again, although the plaintiff has exhausted the grievance procedure for his claim against defendants Johnson, Hayles, Deberry, Gaskins, Williams, and Herron, he fails to allege that he appealed his underlying disciplinary conviction.

In any event, the plaintiff has not demonstrated that he filed any grievance that named Defendants Evans, Wright, Cessac, Hurtle, Bonds, Edwards, Ottinger, Latham, Mills, or Stewart, as required by Moorer v. Price, 83 F. App'x 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.[3]

---

[3] Although the complaint alleges that plaintiff wrote to defendants Ottinger, Mills, and Stewart, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Shephard v. Wilkinson, 27 F. App'x 526, 527 (6th Cir. Dec. 5, 2001)("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 F. App'x 375, 377 (6th Cir. Sept. 21, 2001)(same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999)(district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[4]

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs an appellate court must also dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

---

U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). Letters and informal conversations are not a substitute for a formal inmate grievance.

[4] As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

7

Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, the plaintiff would not be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

---

[5] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

IT IS SO ORDERED this 31st day of May, 2006.

                                                 /s/ Jon P. McCalla
                                               JON PHIPPS McCALLA
                                               UNITED STATES DISTRICT JUDGE